UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Case No.: _____

-----------------------------------------------------------x
DAHLEN KOK HAN WEE,
              Plaintiff,

v.

MADALUXE GROUP, LLC, SANDY SHOLL,
ADAM FREEDE, MADALUXE WHOLESALE,
MADALUXE TIME, and DOES 1-10, inclusive
              Defendants.
-----------------------------------------------------------x

COMPLAINT FOR COPYRIGHT INFRINGEMENT, BREACH OF CONTRACT, UNJUST ENRICHMENT, AND VIOLATION OF THE DIGITAL MILLENNIUM COPYRIGHT ACT

DEMAND FOR JURY TRIAL

Plaintiff DAHLEN KOK HAN WEE ("Plaintiff" or "Dahlen Wee"), by and through its attorneys, brings this action and alleges against Defendants MADALUXE GROUP, LLC, MADALUXE WHOLESALE, MADALUXE TIME, SANDY SHOLL, ADAM FREEDE and DOES 1-10 (collectively, "DEFENDANT" or "MADALUXE"), as follows:

## NATURE OF THE ACTION

1.     This is an action for a declaratory judgment relating to claims of copyright infringement and breach of contract made by Defendant.

## JURISDICTION AND VENUE

2.     This action arises under the copyright laws of the United States, Title 17 of the United States Code.

3.     This Court has subject matter jurisdiction over the claims alleged in this action pursuant to 28 U.S.C. §§ 1331 and 1332 seq., Supplemental jurisdiction is appropriate under 28 U.S.C. § 1367.

U.S. DISTRICT COURT
FILED
OCT 17 2025
SOUTHERN DISTRICT OF NEW YORK

1

4. Defendant is subject to personal jurisdiction in this Court at least because it resides in this District and engaged in actions in this District that form the basis of Plaintiff's claims against Defendant and that have created a real, live, immediate and justiciable case or controversy between Plaintiff and Defendant.

5. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because Defendant maintains a business in this District, and a substantial part of the events giving rise to the claim alleged in this Complaint occurred in this District.

## THE PARTIES

6. Plaintiff is an individual residing in Brooklyn, New York.

7. Plaintiff is informed and believes, and on that basis alleges, that Madaluxe Group, LLC is a limited liability company with company offices in New York, New York. Madaluxe Wholesale and Madaluxe Time are business groups of unknown form located in New York, New York.

8. On information and belief, Defendants Sandy Sholl and Adam Freede are the owners of and operators of Madaluxe and were aware and directed the infringement and legal violations herein. On information and belief, Sholl and Freede maintain residences in New York, New York.

9. Defendants DOES -10 are unknown entities related to Madaluxe and utilizing Plaintiff's images.

## FACTS

10. Plaintiff is the author of photographs and videos used by Madaluxe. These have been registered with the copyright office as: VA0002433392, PA0002506681, PA0002506680, and VA0002442316. Other registrations are forthcoming.

11. Madaluxe Group / Madaluxe Wholesale or Madaluxe Time ( recent name change September 2025 ) have positioned themselves as leaders and players within the luxury lifestyle vertical. This very positioning is rooted and cemented in a perception of this lifestyle through photographs they never paid for. With this positioning and impression they have been able to close additional business ventures via Plaintiff's creative work without paying. Plaintiff's films and photos have been used to generate vibe, hype, style for Defendants, far beyond what they had before Plaintiff became involved. The extent of this use has only recently been discovered.

12. Work stolen has been secretly featured in other brands owned by Madaluxe Group / Madaluxe that were never discussed or negotiated in any shape or form with Plaintiff or other vendors and members involved in the creative work. The usages include Website, Paid social advertising, paid search advertising.

13. Defendant's attorneys were made aware of the two violations by a phone call. Madaluxe continued to violate and used my images and films on the 2 brands that were never discussed - ever.

14. The video was removed after a mediation

15. removed stolen images and films on or about November 1, 2024. On October 4, 2025, Plaintiff discovered violations by Madaluxe Time, which were confirmed by an ex-employee of Defendant.

**Damages and Harm**

16. Defendant's conduct has caused Plaintiff substantial economic and reputational harm.

17. Plaintiff lost licensing revenue, credit, and control over his creative work.

18. Defendant was unjustly enriched by continued use of the works to promote its image and obtain business advantages.

3

## V. CAUSES OF ACTION

### COUNT I – COPYRIGHT INFRINGEMENT (17 U.S.C. § 501)

19. Plaintiff incorporates by reference all preceding paragraphs.

20. Plaintiff is the sole author and owner of the copyrighted photographs and films created for the 2019 and 2022 campaigns.

21. Plaintiff registered or is in the process of registering the works with the U.S. Copyright Office.

22. Defendant had access to the works by virtue of its engagement of Plaintiff and possession of digital copies.

23. Defendant copied, reproduced, distributed, and displayed Plaintiff's works beyond the scope of the limited licenses granted.

24. Defendant's acts constitute infringement under 17 U.S.C. § 501.

25. Plaintiff is entitled to injunctive relief and damages under 17 U.S.C. §§ 502, 504, and 505.

### COUNT III – BREACH OF CONTRACT

26. Plaintiff incorporates by reference all preceding paragraphs.

27. Plaintiff and Defendant entered into agreements in 2019 and 2022 limiting Defendant's use of Plaintiff's works to twelve months for specific campaigns.

28. Plaintiff fully performed all obligations required under the agreements.

29. Defendant breached the agreements by continuing to use Plaintiff's works beyond the authorized term and for unrelated brands.

30. As a direct and proximate result of Defendant's breaches, Plaintiff suffered damages in an amount to be determined at trial.

31. **COUNT III – UNJUST ENRICHMENT**

32. Plaintiff incorporates by reference all preceding paragraphs.

33. Plaintiff is informed and believes that Defendant profited substantially from the unauthorized use of Plaintiff's works, saving licensing fees and generating revenue through

4

enhanced brand visibility. Defendant has also built a brand it never could have without the unjust enrichment.

34. Defendant's enrichment was unjust and occurred at Plaintiff's expense.

35. Plaintiff is entitled to restitution and disgorgement of all profits resulting from the unauthorized uses.

### COUNT V – VIOLATION OF THE DIGITAL MILLENNIUM COPYRIGHT ACT (17 U.S.C. § 1202)

36. Plaintiff incorporates by reference all preceding paragraphs.

37. Plaintiff is informed and believes that Defendant intentionally removed or altered copyright management information, including metadata and author credits, from Plaintiff's works.

38. Defendant distributed altered copies of Plaintiff's works to third-party advertisers and the public, knowing that such removal facilitated infringement.

39. Defendant's actions constitute violations of 17 U.S.C. § 1202.

40. Plaintiff is entitled to statutory damages, attorney's fees, and injunctive relief pursuant to 17 U.S.C. § 1203.

### VI. PRAYER FOR RELIEF

41. WHEREFORE, Plaintiff respectfully requests judgment against Defendant as follows:

42. For a preliminary and permanent injunction restraining Defendant from any further unauthorized use of Plaintiff's works;

43. For an order requiring Defendant to remove and destroy all infringing materials;

44. For Plaintiff's actual damages and Defendant's profits or, alternatively, statutory damages under 17 U.S.C. § 504;

45. For enhanced statutory damages for willful infringement under 17 U.S.C. § 504(c)(2);

46. For damages for breach of contract and unjust enrichment;

47.　For statutory damages, attorney's fees, and costs under 17 U.S.C. § 1203 for violation of the DMCA; and

48.　For such other and further relief as the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

1.   Plaintiff demands a trial by jury on all issues so triable.

2.   Plaintiff demands a trial by jury on all issues so triable.

Dated:  October 16, 2025                           DAHLEN KOK HAN WEE

By: *609 Nostrand ave, Brooklyn, NY 11216*

Dahien Kok Han Wee

In Pro Per

7